OPINION
NASH, J.:

Background:

Appellee here was employed as a Cashier/Stocker at the Tulalip Tribes’ Quil Ceda Village Liquor Store (Appellant here). On May 14, 2012, she was suspended for violation of Section 9.10.1100(2) of the Tribes’ Drug and Alcohol Policy, which specifies matters that are defined as policy violations. The suspension notice states, among other things, that:
On April 29, 2012, a highly sensitive drug/alcohol screening as defined in Chapter XIV.7.RXX) of the Tulalip *191 Tribes HRO 84, was conducted on [K.F.]. On May 2, 2012, the toxicology report concluded [K.F.] tested positive for drugs and/or alcohol which is a violation of the Drug and Alcohol Policy, Chapter XIV.5.2(a).
Pursuant to Section 9.10.1130 she was referred for a drug and alcohol assessment. Section 9.10.1130 provides in part as follows:
(1) An employee may be referred for an assessment/evaluation to Tulalip Family Services or a State-certified agency when one or both of the following occurs:
(a) Positive drug/alcohol test results.
(b) Job performance problems (rising accident rates, increased absenteeism and/or tardiness, decreased productivity, deteriorating coworker relationships).
(2) Positive Drug/Alcohol Results. When an employee is referred for a positive drug/alcohol result, the following will occur:
(a) The employee will be suspended from work without pay for a minimum of three days; however, the suspension period may be longer depending upon the availability of assessment appointments. A meeting with the employee, supervisor or manager, and Human Resources staff member will be held. At this time, the employee will be notified in writing of the suspension, dates of suspension, suspension notice, consent for release of confidential information, and referral form stating assessment date, place, time and name of counselor.
According to Appellant’s brief, the circumstances surrounding the issuance of the suspension notice were as follows. Lisa Kibbee-Hacker, Manager of the Tribes’ Central Drug and Alcohol Testing Program (CDATP), represented Quil Ceda Village Human Resources for the suspension. She arrived at the liquor store on May 14, 2012, and met with Appellee’s supervisor, Lori Whitebear, and store manager, Brenda Hawk, and obtained their signatures on the suspension notice. Appellee had left the premises at that point. When Ms. Kibbee-Hacker returned later that afternoon, both Ms. Whi-tebear and Ms. Hawk had left the store. Ms. Hawk advised Ms. Kibbee-Hacker via telephone that Ms. Vicki Jablonski acts as store manager when needed and in Ms. Hawk’s absence. Ms. Jablonski and Ms. Kibbee-Hacker then issued the suspension notice to Appellee.
On that same day, Appellee entered into a Contract for Continued Employment agreeing to attend her assessment appointment and to follow through with treatment recommendations.
On May 29, 2012, Appellee gave Notice of Appeal of her suspension. The grounds for her appeal were stated as follows:[1]
IX.C.l Communication of expectations—
I was not informed of any disciplinary action. My supervisor was not present, or manager or Human Resources.
IX.C.4 Disciplinary procedures—
8.1 Positive drug/Alcohol Results A)
My supervisor was not present, or manager, or Human Resources
7.11 Notification—A), B),
8. Referral and Assessment
*192 13. CONFIDENTIALITY/(page 68) My feelings on this whole suspension feels wrong, my confidence in the system is Lost, 1st no communication, and my suspension was delivered by someone I did not even know? ... Also Vicki Jablonski (inventory) was able to hear and know of my suspension and WHY? (I just really feel like a lot of Rules were not followed.) All SIGNEES ON MY PAPERWORK were not present @ the Suspension/Result Notice.
Appellee’s appeal was to the Tulalip Tribal Employment Court which is authorized to hear appeals of “disciplinary demotions, suspensions and dismissal.” TTC 9.10.950.4. The role of the Employment Court is to review the employment action and “if the supervisor or administrator is found to have followed this chapter or a variance of this chapter duly adopted in accordance with this chapter, the decision of the supervisor or administrator shall be upheld.” TTC 9.10.950(11).
On June 25, 2012, the Tulalip Tribal Employment Court heard Appellee’s appeal. Its decision, dated July 10, 2012, ordered that Appellee’s suspension be reversed because “There was no evidence or testimony produced or attempted to be produced at the hearing on June 25, 2012, that Appellant’s UA was positive for drugs or alcohol.” Finding # 6. Appellant, Quil Ceda Village Liquor Store filed a Motion for Reconsideration on July 24, 2012 on the grounds that Appellee appealed only the suspension process and not the positive drug screening itself, which has an entirely different review and appeal process found at Section 9.10.1160 in the Drug and Alcohol Policy. That motion was denied by order of the Employment Court dated September 17, 2012, which stated in part:
3)The court agrees that Appellant did not appeal the results of the drug screen;
4) The Court disagrees with the contention that the Court should have not considered the lack of evidence of the drug screen;
5) The basis for the suspension was the positive drug screen, and thus was part of the procedure that led to the suspension.
Neither the July 10 decision of the Employment Court nor its September 17 order denying the motion for reconsideration addressed any of Appellee’s claims that the manner in which the suspension was issued violated the procedures set forth in sections C.l and C.4 of Article IX and sections 7, 8 and 13 of Article IVX of the Human Resources code.
Appellant then filed this appeal.

Standard of Review:

“The jurisdiction of the Court of Appeals in appeals of Employment Court final decisions shall be to reverse the Employment Court and direct a new trial where the decision of the Employment Court is found to be arbitrary, capricious, or unsupported by substantial evidence.... ” TTC 9.10.950(12).

Discussion:

We agree with the Appellant in this case that the Employment Court erred when it reversed Appellee’s suspension on the grounds that no evidence or testimony was produced regarding Appellee’s UA test for drugs or alcohol. Given the fact that the Appellee did not include the validity of the positive drug and alcohol screening test as grounds for her appeal to the Employment Court, that issue was not before the court and reversing Appellee’s suspension on that grounds therefor is arbitrary and capricious.
The Employment Court concluded that utilizing the absence of evidence regarding the validity of the drug and alcohol test *193 was nevertheless appropriate because “[t]he basis for the suspension was the positive drug screen, and thus was a part of the procedure that led to the suspension.” Order, September 17, 2012, paragraph 5. While the Employment Court was correct that the positive drug screen led to the suspension, it erred in considering the screening as part of the suspension procedures. Had the issue been one of the grounds on appeal, then certainly it would have been appropriate for review, however, it was not.

Collateral Issue—Unauthorized Practice of Law Before Tulalip Tribal Courts:

In the course of this appeal, a collateral issue arose which this Court addressed and which we explain here for purposes of clarifying what we perceive as an important issue in cases before the Tulalip Tribal courts.
Ms. Lisa Kibbee-Hacker, Manager of the Tribes’ Central Drug and Alcohol Testing Program, represented Quil Ceda Village Liquor Store throughout the proceedings before the Employment Court. She also filed the Notice of Appeal to this Court and submitted an opening brief. Shortly thereafter, it came to this Court’s attention that she was not admitted to practice as a member of the Tulalip Tribal Bar. Our consideration of this matter resulted in our issuing sua sponte, an Order Enforcing Tribal Bar Membership Requirement, Striking Brief and Exhibits, and Modifying Schedule on December 6, 2012. That order reflects the facts that brought this matter to our attention, the applicable law and our view on the requirement of tribal bar membership for persons representing parties before the Tulalip tribal courts. The relevant portions of that order are set forth below:
Tulalip Tribal Code (TTC) 2.05.080(2) states unequivocally that “Any person practicing as counsel in Tulalip Tribal Court must be a member in good standing of the Tulalip Tribal Court Bar.” See also TTC 2.05.030(8). “Counsel” is defined to include any attorney or spokesperson. TTC 2.05.080(1). After noting certain irregularities (discussed below) in the filings of the Appellant, Quil Ceda Village Liquor Store, this Court sought confirmation from the Tribal Court Clerk as to whether Lisa Kibbee-Hacker, who is acting as counsel for Appellant, is a member of the Tulalip Tribal Court Bar. The Clerk has informed this Court that Ms. Kibbee-Hacker is not a member of the Tulalip Tribal Court Bar.
[[Image here]]
By appearing as counsel in this matter without being admitted to the Tulalip Tribal Court Bar, Ms. Kibbee-Hacker has engaged in the unauthorized practice of law in violation of TTC 2.05.080(2).
[[Image here]]
Ms. Kibbee-Hacker is ordered to not appear as counsel in this or any other matter pending before any of the Courts of the Tulalip Tribes unless and until such time as she is admitted as a member of the Tulalip Tribal Court Bar pursuant to TTC 2.05.080.
On December 14, 2012, Appellant, now represented by an attorney from the Office of Reservation Attorney, filed a motion for reconsideration of our Order Enforcing Tribal Bar Membership. Appellant’s motion for reconsideration contends that our Order Enforcing Bar Membership Requirement controverts “a long accepted tribal policy and Tulalip Tribal Court practice that pro se representation is allowed and persons or entities representing themselves pro se are exempt from Tulalip Tribal Court Bar membership requirements.” Appellant argues variously that Ms. Kibbee-Hacker “appeared pro se on behalf of the Tulalip tribal government,” *194 that “the Central Drug and Alcohol Testing Program (CDATP) appeared ‘pro se ’ in accordance with tribal policy,” and that Resolution 2012-52 of the Tulalip Board of Directors provides independent authority for CDATP “to represent themselves throughout all stages” of an employment appeal when “a drug/alcohol screen result comes back positive for an illegal substance.” Appellant contends that requiring each tribal department to obtain representation from a tribal court bar member in every employment appeal would be unduly costly and burdensome.
Appellant is correct, of course, that there is a long accepted tribal policy and Tulalip Tribal Court practice that pro se representation is allowed, and that persons or entities representing themselves pro se are exempt from Tulalip Tribal Court Bar membership requirements. This Court has routinely allowed supervisors and managers of Tulalip Tribal departments to represent themselves and their departments in employment appeals. See, e.g., B.B. v. Tulalip Utilities Authority, 11 Am. Tribal Law 66 (Opinion of Aug. 9, 2012), 10 NICS App. - (Utilities Authority supervisor and acting department manager who issued discipline allowed to represent Utilities Authority); A.H. v. Tulalip Health Clinic, 10 Am. Tribal Law 396 (Tulalip Tribal Ct.App. unpublished order dismissing appeal of Feb. 28, 2012), (Health Clinic supervisor who issued discipline allowed to represent Health Clinic); Stanhope v. Tulalip Gaming Agency, 9 NICS App. 39 (Tulalip Tribal Ct.App.2009) (Director of Gaming Agency allowed to represent Gaming Agency).
While this Court has long allowed supervisors, program managers and other departmental employees responsible for implementing discipline to represent their oum departments and the decisions made under their authority in a what can be likened to pro se representation, this Court has never, to the best of its recollection, allowed a Tulalip Tribal department or entity to be represented by an employee from, another department or entity, except, of course, in those cases where the Office of Reservation Attorney appears on behalf of a Tribal entity.[2] The Tribes have not presented this Court with any examples of a case heard by this Court in which a Tribal department or entity was represented by a non-attorney from another Tribal department.
Black’s Law Dictionary, Centennial Edition (1991), defines “pro se” as
For one’s own behalf; in person. Appearing for oneself, as in the case of one who does not retain a lawyer and appears in Court for himself.
Appellant’s contention that an employee of one Tribal department may represent another Tribal department does not comport with this definition. And contrary to the assertion in Appellant’s Motion for Reconsideration that CDATP “appeared” in these proceedings, and thus was authorized to represent itself, CDATP was not a party and did not “appear.” It was the Quil Ceda Village Liquor Store, not CDATP, that issued the suspension notice *195 and appeared as a party in these proceedings. CDATP was not substituted as a party or joined as a party, nor did it seek to intervene. Neither Ms. Kibbee-Hacker nor anyone else from CDATP signed the suspension notice or was part of the chain of command defined by TTC 9.10.040 responsible for imposing the discipline.
Appellant’s Motion for Reconsideration suggests that Resolution No. 2012-52 of the Tulalip Board of Directors provides independent authority for CDATP staff to represent other Tribal entities when discipline is imposed based on a violation of the Tribes’ Drug and Alcohol Policies and Procedures. The operative clause of Resolution 2012-52 states, in its entirety
NOW THEREFORE BE IT RESOLVED that the board of Directors directs that the Central Drug and Alcohol Testing Program have the authority to oversee, enforce, and operate under the Tulalip Tribes Drug and Alcohol Policies and Procedures outlined in HRO 84 [Title 2, Chapter 9.10, Article IVX, TTC 9.10.1060 et seq.] and the Tulalip Resort Casino Handbook until the Central Drug and Alcohol Testing program Policy and Procedures are finalized and adopted.
This resolution, adopted on February 3, 2012, serves the unremarkable purpose of authorizing the CDATP, which was created on June 3, 2011, to “oversee, enforce, and operate under” the Tribes Drug and Alcohol Policies and Procedures set forth at TTC 9.10.1060 et seq. While this proviso may allow CDATP staff to appear to defend appeals of its own decisions (e.g. appeals of drug tests filed under TTC 9.10.1160), wre find nothing in Resolution 2012-52 that authorizes CDATP staff to represent other departments. By its own terms, Resolution 2012-52 affects only CDATP’s role in regards to the Tulalip Resort Casino Handbook and Article IVX of the Human Resources Code. Resolution 2012-52 in no way modifies the “Discipline, Grievances and Appeals Procedures” set forth in Article X of the Human Resources Code; the Tribal Bar membership requirements set forth in TTC 2.05.080; or the rules for appeals to this Court set forth in Title 2, Chapter 2.20 of the Tulalip Tribal Code.
Finally, Appellant’s motion for reconsideration makes sweeping assertions that Ms. Kibbee-Hacker appeared pro se on behalf of “the Tulalip tribal government.” By this line of reasoning, the inventory clerk who was present when the disciplinary notice was delivered to Appellee, or any other employee of the Liquor Store, could be said to represent, and therefore make legally binding commitments and concessions on behalf of the entire Tulalip Tribal government, with implications far beyond the particular department and employment decision before the Court. Appellant has failed to provide this Court with argument or authority sufficient to persuade this Court that any entity other than the Tulalip Office of Reservation Attorney is authorized to represent the Tu-lalip Tribal government as a whole.
Based on the foregoing, we now affirm our December 6, 2012 Order Enforcing Tribal Bar Membership Requirement and hold that any person representing another person or party before the Tulalip Tribal courts must be a member in good standing of the Tulalip Tribal Bar. This includes any person who would represent or appear on behalf of a Tribal department or entity of which the person is not employed. We take this opportunity to clarify that neither this holding or our December 6, 2012 Order Enforcing Tribal Bar Membership Requirement preclude a program manager or other person within the chain of command from representing themselves or their own department when their decision or an action of their program *196 or department is the subject of an action before the Tulalip Tribal courts. In all other respects, Appellant’s motion for reconsideration of our Order Enforcing Tribal Bar Membership Requirement is denied.

Conclusion:

The decision of the Employment Court in this case is reversed. This case is remanded to the Employment Court for further proceedings consistent with this opinion.
IT IS SO ORDERED.

. Although not stated in the Notice of Appeal, the numbering refers to Tulalip Ordinance 84, the pre-codification version of the Tulalip Human Resources Ordinance, now codified at Title 9, Chapter 9.10 of the Tulalip Tribal Code. The Tribes' Drug and Alcohol Policies and Procedures are contained within the Human Resources chapter at TTC 9.10.1060 et seq.

. In C.S. v. Tulalip Tribes Housing Department, 9 Am. Tribal Law 407 (opinion of February 8, 2011), 10 NICS App. -, an employee of the Tribes Human Resources Department filed a brief on behalf of Tribes Housing Department. However in that case, an attorney from the Office of Reservation Attorney had already filed a notice of Appearance on behalf of the Housing Department; the Human Resources Department employee did not identify herself as an employee of the Human Resources Department; and the Housing Department supervisor who signed the disciplinary notice continued to represent the Housing Department throughout the proceedings, including presenting the oral argument on behalf of the Housing Department before this Court.